IN THE UNITED STATES FEDERAL DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
|     Plaintiff, | * | |
| | * | |
| vs. | * | CR. NO. 2:06cr294WKW |
| | * | |
| HENRY THOMAS | * | |
|     Defendants. | * | |

## **MOTION IN LIMINE**

COMES, James R. Cooper, Jr. who moves that this Court not allow the government to introduce at trial the following:

1. Any hand writing analysis performed on samples of writing of the defendant.

    Specifically that hand writing analysis dated October 17, 2006, performed by Roy L. Mantle as reported to James D. Tynan, postal inspector, which said report was given to Mr. Cooper on February 16, 2006.

    . The report states it has a " qualified conclusion " that the defendant " probably wrote" either pay to, or from or an endorsement on the backs of certain checks.

    . The conclusion that the defendant probably wrote something falls below requisite standards needed to introduce evidence into trial. Allowing this prejudicial evidence to be introduced at trial based on the probably wrote, a stated qualified conclusion, would violated Mr. Thomas's constitutionally guaranteed rights to equal protection and due process.

2. Any postal money order that is not referenced in the Indictment of Mr. Thomas.

    The government lists 33 postal money orders it contends were stolen. It should not be allowed to introduce any money order not listed in the indictment.

    To allow them to represent to the jury that they found a money order ( which was not alleged to have been stolen ) on the person of Mr. Thomas or that was taken from his vehicle or home, would greatly prejudice his defense.

3. Any picture or video of Mr. Thomas, which is or was digitally enhanced or made clearer than the videos or pictures provided counsel for Mr. Thomas.

        The government provided videos and pictures of a person it claims is Henry Thomas cashing a money order. Those videos and pictures are of a very poor quality, making it impossible to ascertain the identity of the person in them.

        The government should not be allowed at trial to present to the jury enhanced or sharpened images of that person or persons, when it has not provided those same enhanced images to Mr. Thomas's defense counsel.

4.      The government should not be allowed to introduce any image of Mr. Thomas at any business where it does not claim that Mr. Thomas is actually cashing a stolen postal money order.

        The government has images of a person it may claim is Mr. Thomas cashing postal money orders. Those postal money orders are not listed in the indictment. They are not claimed to be stolen. Introducing such images would prejudice Mr. Thomas's defense.

5.      The government has images of postal or regular money orders it claims was taken from the truck or person of Mr. Thomas. That document is not identified in the indictment as having been stolen.

        To allow its introduction would prejudice Mr. Thomas's defense.

6.      The government has provided summaries of alleged conversations between Mr. Thomas and governmental employees taken after a robbery of a post office. Those conversation should not be admitted into evidence or even referenced as Mr. Thomas was not duly informed of his right to NOT make a statement. He did not understand that he did not have to speak.

        Additionally, those statements are directed more toward who committed the robbery, not did Mr. Thomas knowingly obtain stolen postal money orders. Admitting them into evidence would be highly prejudicial to Mr. Thomas's defense.

Wherefore the defendant requests the following relief:

1.      That none of the above items be allowed into evidence at this trial.

2.      All other appropriate relief.

                                                                RESPECTFULLY SUBMITTED,

        s/James R. Cooper, Jr. (COO021)
        COOPER & COOPER
        Attorney for Defendant
        312 Scott Street
        Montgomery, AL 36104
        (334) 262-4887

## CERTIFICATE OF SERVICE

I hereby certify that on this the 12 th day of July, 2007, I have served a copy of the foregoing **MOTION IN LIMINE** upon Ms. Susan Redmond , Asst. U.S. Attorney, P.O. Box 197, Montgomery, Alabama 36101 and by electronic case filing,  by placing a copy of same in the United States Mail properly addressed and postage prepaid.

        s/James R. Cooper, Jr. (COO021)