**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CR. NO. 2:06-CR-294-WKW** |
| **HENRY THOMAS** | ) | |

**RESPONSE TO MOTION TO STRIKE**

**COMES NOW** the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files its response to the Defendant's Motion to Strike, filed on July 30, 2007, as follows:

1.      The Defendant filed a Motion to Strike counts 1-22 of the Indictment in the above-styled cause based on his belief that a fatal variance exists between the Indictment and the statute as the Indictment's language is not precisely the same as the statute and fails to adequately track the language of the statute.

2.      When analyzing challenges to the sufficiency of an indictment, courts give the indictment a common sense construction, and its validity is to be determined by practical, not technical, considerations. The appropriate test is not whether the indictment might have been drafted with more clarity, but whether it conforms to minimal constitutional standards. United States v. Poirer, 321 F.3d 1024 (11th Cir. 2003).

3.      An indictment must contain every element of the charged offense to pass constitutional muster. United States v. Fern, 155 F.3d 1318, 1325 (11th Cir. 1998).

4.      Federal Rule of Criminal Procedure 7(c)(1) provides that an indictment must be a plain, concise, and definite statement of the essential facts constituting the offense

charged; may allege that the defendant committed the offense by one or more specified means; and, for each count, the indictment must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated.

5.    If an indictment specifically refers to the statute on which the charge was based, the reference to the statutory language adequately informs the defendant of the charge. Fern at 1325.

6.    Where a penal statute prescribes several alternative ways in which the statute may be violated and each is subject to the same punishment, the indictment may charge any or all of the acts conjunctively, in a single count, as constituting the same offense. United States v. Burton, 971 F.2d 1566 (11th Cir. 1989).

7.    In the present case, Counts 1-11 charge the Defendant with a violation of Title 18, United States Code, Section 500, to-wit: that the defendant did, knowingly embezzle, steal, and convert to his own use and without authority did convert a blank money order form under the authority of the United States Postal Service.

8.    The language of the Indictment tracks the language of the statute and additionally offers Defendant a more precise understanding of the government's allegations by providing him the serial number of the money order, the approximate date the money order was cashed, the date stamped on the money order, the amount of the money order, and the location where the money order was presented.

9.    The defendant argues that because the indictment uses the term "knowingly" and charges in the conjunctive, i.e., the statute and the indictment "are not precisely the

2

same" the counts should be struck. However, F.R.Cr.P. 7(c)(1), Fern and Burton clearly establish that the Indictment does not have to precisely track the language of the statute; the government may charge in the conjunctive; and, as long as the Defendant is adequately informed of the charges against him, the Indictment is sound.

10.    In the present case, Counts 12-22 charge the Defendant with a violation of Title 18, United States Code, Section 500, to-wit: that the defendant did, knowingly receive and possess a stolen and converted blank money order under the authority of the United States Postal Service.

11.    The language of the Indictment tracks the language of the statute and additionally offers Defendant a more precise understanding of the government's allegations by providing him the serial number of the money order, the approximate date the money order was cashed, the date stamped on the money order, the amount of the money order, and the location where the money order was presented.

12.    The defendant argues that because the indictment charges in the conjunctive, i.e., the Indictment charges "and" when the statute reads "or" the counts should be struck. However, F.R.Cr.P. 7(c)(1), Fern and Burton clearly establish that the Indictment does not have to precisely track the language of the statute; the government may charge in the conjunctive; and, as long as the Defendant is adequately informed of the charges against him, the Indictment is sound.

Wherefore the United States requests that the Defendant's Motion to Strike be denied.

Respectfully submitted, this the 31st day of July, 2007.

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Susan Redmond
SUSAN REDMOND
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7138 fax
susan.redmond@usdoj.gov

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CR. NO. 2:06-CR-294-WKW** |
| **HENRY THOMAS** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2007, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to

the following: James Cooper, Jr.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Susan Redmond
SUSAN REDMOND
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7138 fax
susan.redmond@usdoj.gov

5