IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06-CR-294-WKW |
| | ) | |
| HENRY THOMAS | ) | |
| | ) | |

**RESPONSE TO MOTION IN LIMINE**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and, in response to Defendant's Motion in Limine, filed on or about July 13, 2007, responds as follows:

The Defendant filed his Motion in Limine requesting the Court to disallow the government to present and use at trial: testimony, from forensic handwriting expert Roy Mantle, that after a forensic examination of submitted documents, he came to the qualified conclusion that the Defendant was the author of certain portions of the respective document; United States postal money orders, stolen during a robbery at the Fort Davis Post Office, Alabama, cashed, possessed, and received outside of the Middle District of Alabama by the Defendant; any enhanced picture or video not provided to defense counsel; any image of Defendant cashing a stolen United States Postal money order not charged in the Indictment; and, testimony from investigators relating conversation(s) between the Defendant and the investigator(s).

The government has filed its Proffer and Notice of Intent to Use 404(b) Evidence and relies upon and incorporates the information and argument contained therein, in the present response.

The United States, at trial in the case of United States v. Henry Thomas, is prepared to, and intends to, offer evidence of other crimes, wrongs, and acts committed by the Defendant. The below listed acts meet the standard of admissibility in this circuit, first established in United States v. Beechum, 582 F.2d 898 (5th Cir. 1978) (en banc), cert. denied, 440 U.S. 920 (1979), now consisting of a three-part test. See United States v. Giordano, 261 F.3d 1134, 1140 (11th Cir. 2001); United States v. Chavez, 204 F.3d 1305, 1317 (11th Cir. 2000); United States v. Miller, 959 F.2d 1535, 1538 (11th Cir.) (en banc), cert. denied, 506 U.S. 942, (1992).

As grounds, the United States sets forth the extrinsic evidence and the law as follows:

## THE ACTS

At the trial of this case, the United States intends to offer the following evidence: that on August 24, 2004, the Fort Davis, AL Post Office was burglarized and the Postmaster, Mary S. Davis, was robbed; that, taken during the robbery were 105 blank United States Postal money orders and an imprint machine (a machine used to print money orders), the property of the United States; that the blank money orders stolen are identified as 9198143095 thru 9198143099 and 9198143100 thru 9198143199; that a stamped envelope Ms. Davis handed to the robber, when processed, was found to have the fingerprint of Marvin Thomas; that Marvin Thomas has been convicted of unlawfully possessing and negotiating 15 United States Postal money orders, stolen during the robbery of the Fort Davis Post Office, between August 25, 2004 and September 15, 2004; that Marvin Thomas is the brother of Henry Thomas, defendant; that Marvin and Henry Thomas, in September of 2004, shared a residence; that on September 15, 2004, Marvin Thomas was arrested at his residence and a search warrant was executed; that during the execution of the search warrant, Postal Inspectors spoke to Henry Thomas, explained that they were at the residence to arrest Marvin Thomas and search his residence because he was

suspected of robbing Postmaster Davis and stealing the imprint machine and the blank money orders; that Henry Thomas stated to investigators that the money orders and imprinter were not in the house; that Henry Thomas asked investigators, "what would happen if Lt. Crayton found the imprinter and money orders on the side of the road" and whether law enforcement finding the items would help his brother Marvin Thomas; that Henry Thomas told investigators that he "needed a day to work it out"; that Henry Thomas told investigators he would get the items they were looking for; that at a later time on September 15, 2004, Henry Thomas told investigators that he had nothing to tell them and was through with the investigation; that from September 15, 2004 and continuing, Marvin Thomas has been incarcerated; that, between July 3, 2006 and September 9, 2006, additional money orders stolen during the Fort Davis Post Office robbery, have been cashed, or an attempt made, in Alabama, Florida and Indiana; that one of the money orders was cashed in Mobile, AL and the person who possessed the money order was a passenger of K&K Taxi & Shuttle Service, Inc.; that Henry Thomas was arrested in Bedford, Indiana on August 26, 2006; that on September 9, 2006, Henry Thomas was arrested in Lawrence County, IN and the black pickup truck he was driving was impounded; that among Henry Thomas' possession when he was arrested was a wallet containing Thomas' birth certificate, a business card from K&K Taxi & Shuttle Service, Inc., with a Mobile, AL phone number, and a blank United States Postal money order taken during the Fort Davis Post Office robbery; that witnesses from Indiana establish Henry Thomas as the person who cashed the United States postal money orders at their places of business; and that forensic handwriting examinations, forensic fingerprint examinations, and video and still photographs establish that Henry Thomas is the person who possessed, authored, cashed, and received United States Postal

money orders, knowing that said money orders had been stolen during a robbery at the Fort Davis Post Office in Alabama, within the Middle District of Alabama.

## THE RULE

Rule 404(b), Federal Rules of Evidence provides:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

In order for Rule 404(b) evidence to be admitted, the trial court must determine if the following three-part test for admissibility is satisfied.

> First, the evidence must be relevant to an issue other than the defendant's character. Second, as part of the relevance analysis, there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act. Third, the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403.

Giordano, 261 F.3d at 1140 (quoting Miller, 959 F.2d at 1538).

Rule 404(b) evidence is not confined to prior criminal convictions. It can consist of uncharged crimes, acts, or other wrongs, and "[i]t is well-settled in this circuit that "the principles governing what is commonly referred to as other crimes evidence are the same whether the conduct occurs before or after the offense charged, and regardless of whether the activity might give rise to criminal liability." United States v. Dickerson, 248 F.3d 1036, 1046 (11th Cir. 2001), cert. denied, 536 U.S. 957 (2002) (internal quotations and citations omitted).

## INTENT

Essential to the evaluation of the admissibility of "other acts" evidence is the "purpose for which the 'prior acts' [are] introduced." United States v. Simon, 839 F.2d 1461, 1471 (11th Cir.), cert. denied, 488 U.S. 861 (1988). When the evidence is offered to demonstrate intent, the analysis may differ from that of evidence concerning motive, modus operandi, or a common plan or scheme. See Beechum, 582 F.2d at 912 n.15. Indeed, "it is crucial to distinguish the use of extrinsic offense evidence to prove issues other than intent. In other contexts different standards apply because the inference to be drawn from the extrinsic offense is not based upon the reasoning applicable here." Id.

### 1. Relevance

The first step in the admissibility test of this circuit is to determine if the evidence sought to be introduced is relevant to something other than the defendant's bad character. The test for relevancy is defined as "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." United States v. Williams, 816 F.2d 1527, 1531 (11th Cir. 1987) (quoting Beechum, 582 F.2d at 911). Initially, then, the question is whether intent is an issue in the instant case. Title 18, United States Code, Section 1542, is a criminal statute which requires proof of specific intent; therefore, intent is an issue in this case. The Eleventh Circuit has declared that "[a] defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue." United States v. Zapata, 139 F.3d 1355, 1358 (11th Cir. 1998) (per curiam). Furthermore, "[i]t is well-settled that 'the government may introduce evidence of the defendant's extrinsic acts to prove intent if the defendant does not 'affirmatively take the question of intent out of contention by stipulating

... [to] the requisite intent.' " United States. v. Salery, 830 F. Supp. 596, 598 (M.D. Ala. 1993) (Thompson, J.) (quoting United States v. Diaz- Lizaraza, 981 F.2d 1216, 1224 (11th Cir. 1993) (internal quotations omitted)).

Rather than stipulating to the requisite intent for this offense, the United States expects that Thomas will contend that, as he was not the person in possession of the converted money orders, he had no intent to willfully and knowingly embezzle, steal and convert to his own use, or knowingly receive and possess a stolen and converted blank money order, or receive, possess, conceal and dispose of property of the United States (money orders) obtained by assault and robbery, knowing that the property had been unlawfully obtain in violation of Title 18, United States Code, Section 500 and 2114(b).

After intent is recognized as a relevant issue, the next question is whether the "other acts" evidence offered by the government is relevant to that issue. This circuit has held that the "[s]imilarity of the extrinsic acts to the offenses with which [the defendant] is charged is the standard by which relevancy is measured under rule 404(b)." Williams, 816 F.2d at 1531 (citing United States v. Kopituk, 690 F.2d 1289, 1334 (11th Cir. 1982), cert. denied, 463 U.S. 1209 (1983)). The Williams Court further stated that "[t]he extrinsic acts must be similar enough [to the charged offense] ... to be probative of [the defendant's] intent." Id. When the issue is intent, "[t]he relevance of other crimes evidence to intent is determined by comparing the defendant's state of mind in committing both the extrinsic and charged offenses." Zapata, 139 F.3d at 1358. "Where the state of mind required for both offenses is the same, the extrinsic crime is relevant to the charged offense." Id. "The reasoning is that because the defendant had unlawful intent in the extrinsic offense, it is less likely that he had lawful intent in the present offense." Beechum, 582 F.2d at 911.

In this case, there is no question of the requisite similarity. The extrinsic acts are similar in fact as well as intent. The incidents offered by the government involve Thomas willfully and knowingly possessing and converting to his own use money orders which he knows, or should know, were stolen during the Fort Deposit Post Office robbery.

**2. Sufficiency of Evidence**

Once the government has established that the "other acts" evidence is relevant to an issue other than the defendant's bad character, the next step in the analysis is to determine if the jury could find that the proffered other acts were, in fact, committed. The "task for the trial judge is to determine whether there is sufficient evidence for the jury to find that the defendant in fact committed the extrinsic offense." Beechum, 582 F.2d at 913. This circuit has held that "the defendant's commission of the extrinsic offense need not be proven beyond a reasonable doubt or even by clear and convincing evidence," United States v. Perez-Garcia, 904 F.2d 1534, 1545 (11th Cir. 1990) (internal citation omitted). In fact, the United States "can introduce evidence of a defendant's otherwise admissible acts if the jury could find by a preponderance of the evidence that the acts did in fact occur." United States v. Bowe, 221 F.3d 1183, 1192 (11th Cir. 2000) (citing Huddleston v. United States, 485 U.S. 681 (1988)).

In United States v. Terebecki, 692 F.2d 1345 (11th Cir. 1982), the court observed that the testimony of one witness concerning the extrinsic offense was sufficient to meet the Beechum standard of proof. Id. at 1349. Additionally, this circuit has held "[w]ith respect to the second prong, 'the uncorroborated word of an accomplice ... provides a sufficient basis for concluding that the defendant committed extrinsic acts admissible under Rule 404(b).'" Dickerson, 248 F.3d at 1047 (quoting Bowe, 221 F.3d at 1192).

In the instant case, the United States will offer witness testimony and documentary evidence to prove that Thomas committed the extrinsic acts. At the trial of this case, the United States will produce at least one witness who will testify to each extrinsic incident or one document which establishes the extrinsic incident. This testimony/document satisfies the Eleventh Circuit standard of proof for extrinsic acts.

Since the intent necessary to commit the extrinsic acts is the same as the intent necessary for a Section 500 and 2114(b) violation, and the evidence is sufficient to prove that the extrinsic acts occurred, the United States submits that the first two parts of the test for admissibility of Rule 404(b) evidence in this circuit have been established.

**3. Probative Value Versus Prejudicial Effect**

The third step in the admissibility analysis of "other acts" evidence is to determine that the evidence offered possesses probative value that is not substantially outweighed by any danger of unfair prejudice and that the evidence meets the other requirements of Rule 403 of the Federal Rules of Evidence. "Probity in this context is not an absolute; its value must be determined with regard to the extent to which the defendant's unlawful intent is established by other evidence, stipulation or inference." Beechum, 582 F.2d at 914 (footnote omitted). In order to determine if the final step in the admissibility test is satisfied, "a court should consider the differences between the charged and extrinsic offenses, their temporal remoteness, and the government's need for the evidence to prove intent." Diaz-Lizaraza, 981 F.2d at 1225 (internal citations omitted).

In the instant case, the United States anticipates that Thomas will strongly challenge the United States' proof regarding his knowledge and intent in committing the charged acts. Since Thomas is not likely to testify at trial, the United States will have to rely on circumstantial

evidence, such as the proffered evidence, to establish Thomas' intent to commit the charged offenses. This factor significantly affects the analysis because "the strength of the government's case regarding intent is important in comparing probative value and prejudice." United States v. Delgado, 56 F.3d 1357, 1366 (11th Cir. 1995), cert. denied, 516 U.S. 1049 (1996). "[T]he greater the government's need for evidence of intent, the more likely that the probative value will outweigh any possible prejudice." Id. (internal quotations omitted). In the instant case, the extrinsic acts evidence offered is highly probative of Defendant's mens rea.

In considering the differences between the offenses, it should be noted that when extrinsic act evidence is offered as proof of intent "a lesser degree of similarity between the charged crime and the uncharged crime is required" than if the evidence is offered for another purpose, such as to prove identity. Delgado, 56 F.3d at 1366 (citing United States v. Cardenas, 895 F.2d 1338, 1342 (11th Cir. 1990)). Indeed, "[t]he rule in this circuit is that extrinsic evidence of similar acts will possess great probative value if the defendant's intent is in issue and if the government lacks other strong evidence of defendant's intent." Williams, 816 F.2d at 1532.

In Williams, this circuit noted that "[s]imilarity is a matter of degree," id. at 1531, and upheld the trial court's admission of evidence of two prior rapes in a defendant's trial for assault. See id. at 1532. While noting that rape and assault would not be generally considered as similar acts, the court held that the extrinsic evidence of the two rapes was admissible because the details of the rapes were sufficiently similar to the assaults to be probative of the defendant's specific intent to do bodily harm. See id. at 1531-32.

In United States v. Schardar, 850 F.2d 1457 (11th Cir.), cert. denied, 488 U.S. 932 (1988), the defendant appealed his convictions on wire fraud, making and uttering false bills of

lading, and interstate transportation of property taken by fraud. These convictions arose out of five separate but similar transactions involving four different parties. See id. at 1458. In each transaction, the defendant, an exporter and commodities broker, would arrange to export a commodity to a purchaser abroad, who had arranged payment under a letter of credit. See id. After the terms were agreed upon, the defendant would present false invoices and bills of lading to the purchaser's bank, and he would receive payment for goods that were never shipped. See id.

At trial, the district court allowed the testimony of a government witness concerning his negotiations to purchase a commodity from the defendant. The witness testified that at the end of the negotiations, he had concluded that the commodity was nonexistent and that the defendant had intended to give him false bills of lading. See id. at 1462. On appeal, the defendant argued that the trial court erred in allowing this testimony because it was uncharged misconduct that had occurred nine months after the last shipping fraud act charged in the indictment. See id. at 1463. However, the Eleventh Circuit agreed with the trial court that this testimony was admissible under Rule 404(b). See id. The court held that "[t]he misconduct to which [the government witness] testified was similar to the misconduct present in the transactions forming the basis of the criminal charges (creation and use of false bills of lading) and was relevant to prove appellant [defendant's] intent with regard to the falsification of documents in the charged offenses." Id.

In United States v. Hewes, 729 F.2d 1302 (11th Cir. 1984), cert. denied, 469 U.S. 1110 (1985), the defendants appealed their convictions of various offenses, including mail and wire fraud, based on their involvement in fraudulent "bustout" schemes. See id. at 1306-07. "A bustout is a form of planned bankruptcy in which the operators of the bustout company attempt

to obtain merchandise from manufacturers on credit and to defraud their trade creditors." Id. at 1307. At trial, the district court allowed the government to admit evidence of other bustout schemes and other fraudulent franchising schemes in which the defendants were involved but not charged in the indictment. See id. at 1313. On appeal, the defendants argued that this evidence violated Rule 404(b) in that it was only relevant to the defendants' character, and furthermore, they asserted that the evidence violated Fed.R.Evid. 403 in that its probative value was substantially outweighed by its prejudicial effect. See id. at 1313-14. The Eleventh Circuit disagreed. The court found that "[t]he extrinsic acts involved frauds identical to or quite similar to the bustouts charged in the indictments." Id. at 1314. The court held that "[t]he defendants strongly disputed the issue of intent at trial, and the evidence of extrinsic acts was highly relevant to the jury's determination on that issue." Id. at 1315. The court noted that the defendants had claimed that they were just honest businessmen plagued by a string of bad luck, and "[t]he extrinsic act evidence tended to refute that assertion by showing that the acts alleged in the indictment were not merely isolated, individual business failures but were the components of a pattern of illegal activity." Id. at 1315 n.11.

In the instant case, the extrinsic acts are very similar, if not identical, to the crimes charged. Each extrinsic act involves Thomas willfully and knowingly planning and acting, intentionally possessing and receiving the altered money orders, and intentionally converting them to cash, services, and goods for his own use or the use of another.

A final measure of the probative value of the extrinsic evidence is the closeness in time of the extrinsic acts to the offenses charged. While "the more time separating the charged and prior offense, the less probative value can be assigned the extrinsic offense," Cardenas, 895 F.2d at 1344, this Court has stated that "'decisions as to impermissible remoteness are so fact-specific

that a generally applicable litmus test [is] of dubious value.'" Salery, 830 F. Supp. at 599 (quoting United States v. Pollock, 926 F.2d 1044, 1048 (11th Cir.), cert. denied, 502 U.S. 985 (1991)). In fact, in Salery, this Court admitted extrinsic act evidence that occurred over four years prior to the charged offense. See id. Moreover, the Eleventh Circuit has admitted extrinsic evidence that occurred many years prior to the charged offense. See United States v. Lampley, 68 F.3d 1296, 1300 (11th Cir. 1995) (admitting evidence of prior drug dealings that were approximately fifteen years old and involving marijuana in prosecution for conspiracy to distribute cocaine and possessing cocaine with intent to distribute); Pollock, 926 F.2d at 1048 (stating that courts have upheld the admission of Rule 404(b) evidence for acts committed within five years and in one case, similar acts that "occurred ten and thirteen years earlier than the charged offense").

In the instant case, the extrinsic acts occurred concurrently or within approximately 2 months of the charged conduct. Under this circuit's precedent, the close similarity between the extrinsic and charged conduct increases the probity of the extrinsic evidence, and decreases any prejudicial effect pertaining to the temporal proximity of the extrinsic act evidence.

As to the final Rule 403 balancing considerations, the proffered evidence will not confuse the issues, mislead the jury, or waste time, and its probative value is not substantially outweighed by any unfair prejudice. See Giordano, 261 F.3d at 1141 ("Given the strong probative value as to intent, we conclude under the third prong that the probative value of the 404(b) evidence was not substantially outweighed by undue prejudice...."). This circuit has noted that all relevant evidence is inherently prejudicial for a defendant; therefore, "[o]nly 'unfair' prejudice is prohibited by Federal Rule of Evidence 403." Williams, 816 F.2d at 1532. Furthermore, this circuit has "invariably held that determining prejudice to outweigh

probativeness under rule 403 is an exceptional remedy," id., and this is especially the case when the extrinsic evidence is not "of such a heinous nature that [it is] likely to sway the jury irrevocably to a decision of guilt." Id.

The United States asserts that a "common sense assessment of all the circumstances surrounding the extrinsic offense" leads to the conclusion that the probative value of the evidence is not substantially outweighed by Rule 403 considerations. Id. (internal quotation omitted). Moreover, this Court can diminish any possible prejudicial impact of the evidence by giving a proper limiting instruction on the purpose of such evidence. Indeed, such limiting instructions have been approved and recommended by the United States Supreme Court, See Huddleston, 485 U.S. at 691-92, the Eleventh Circuit, See Diaz-Lizaraza, 981 F.2d at 1225; See Cardenas, 895 F.2d at 1344-45, as well as this Court, See Salery, 830 F. Supp. at 599.

Thus, the United States submits that the three-part test for the admissibility of extrinsic act evidence under Rule 404(b) is satisfied in this case for the purposes of establishing proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The government contends that any expert witness testimony, testimony of any witness of what they directly saw, heard or said regarding Henry Thomas and/or his words, deeds or responses, and any picture, photograph, or video of Henry Thomas engaged in attempting to or cashing, possessing and receiving United States Postal money orders, stolen during the robbery at the Fort Davis Post Office, is, and will be, of probative value that is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence, pursuant to Federal Rules of Evidence, Rule 401, 402 and 403.

Finally, the government does not possess, and therefore will not seek to introduce at trial, any enhanced video or picture not provided to trial counsel for Henry Thomas.

On the basis of the authority cited herein, the United States respectfully requests that the Court DENY the Defendant's Motion in Limine and ADMIT the above extrinsic act evidence at the trial of this case.

Respectfully submitted this 1st day of August, 2007.

>LEURA G. CANARY
>UNITED STATES ATTORNEY
>
>/s/ Susan R. Redmond
>SUSAN R. REDMOND
>Assistant United States Attorney
>Post Office Box 197
>Montgomery, AL 36101-0197
>334.223.7280   334.223.7138 fax
>susan.redmond@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | |
| ) | CR. NO.  2:06-cr-294-WKW |
| **HENRY THOMAS** ) | |

CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to James Cooper.

Respectfully submitted,
LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Susan R. Redmond
SUSAN R. REMOND
Assistant United States Attorney
Post Office Box 197
Montgomery, AL 36101-0197
(334) 223-7280
(334) 223-7135 Fax
susan.redmond@usdoj.gov