IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-cr-294-WKW |
| | ) | |
| | ) | |
| HENRY THOMAS | ) | |

**COURT'S INSTRUCTIONS TO THE JURY**

A.  Introductory Instructions

Introduction[1]

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished, you will go to the jury room and begin your discussions– what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crime charged in the indictment.

---

[1] Pattern Jury Instructions, Criminal Cases, Eleventh Circuit (2003 Rev.), Basic No. 1.

Duty To Follow Instructions
<u>Presumption Of Innocence</u>[2]

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against the Defendant is not evidence of guilt. Indeed, the Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the Defendant not guilty.

---

[2] Pattern Jury Instructions, Criminal Cases, Eleventh Circuit (2003 Rev.), Basic No. 2.1.

<u>Definition of Reasonable Doubt</u>[3]

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that the Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

---

[3] Pattern Jury Instructions, Criminal Cases, Eleventh Circuit (2003 Rev.), Basic No. 3; Government's Requested Instruction No. 1; Defendant's Requested Instruction No. 9.

Consideration of the Evidence
Direct and Circumstantial
Argument of Counsel
<u>Comments by the Court</u>[4]

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

---

[4] Pattern Jury Instructions, Criminal Cases, Eleventh Circuit (2003 Rev.), Basic No. 4.2; Government's Requested Instruction No. 2.

<u>Credibility of Witnesses</u>[5]

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

---

[5] Pattern Jury Instructions, Criminal Cases, Eleventh Circuit (2003 Rev.), Basic No. 5; Government's Requested Instruction No. 3; Defendant's Requested Instruction No. 10.

<u>Law Enforcement Witness</u>[6]

You have heard the testimony of a law enforcement official. The fact that a witness may be a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

---

[6] 1 L. Sand, et al., Modern Federal Jury Instructions - Instruction # 7-16 (1992).

Impeachment
Inconsistent Statement and Felony Conviction[7]

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

---

[7] Pattern Jury Instructions, Criminal Cases, Eleventh Circuit (2003 Rev.), Basic No. 6.2 (modified); Government's Requested Instruction No. 7.

<u>Expert Witnesses</u>[8]

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

---

[8] Pattern Jury Instructions, Criminal Cases, Eleventh Circuit (2003 Rev.), Basic No. 7.

Notetaking[9]

In this case, you have been permitted to take notes during the course of the trial.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory. In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

---

[9] Pattern Jury Instructions, Criminal Cases, Eleventh Circuit (2003 Rev.), Special No. 5.

B. <u>Substantive Offense</u>

I will now explain to you the substantive offenses the defendant is accused of committing. You should examine the evidence surrounding each individual money order and determine whether the Government has met its burden with regard to each of the three offenses I am about to explain.

<u>Conversion of a Money Order (18 U.S.C. §500)</u>[10]

Conversion generally means the act of changing from one form to another; the process of being changed.[11] In criminal law, conversion is defined as an act of dominion or control over the property of another that seriously interferes with the owner's rights.[12]

To sustain the charge of conversion of money orders, the government must prove the following propositions:

> First, that the defendant knowingly converted a document to his own use or the use of another or converted or disposed of it without authority;

> Second, that the defendant did so with the intent to deprive the owner of the use or benefit of the document; and

> Third, that the document was a blank money order form provided under the authority of the United States Postal Service.

If you find from your consideration of all the evidence each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty. If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been

---

[10] Pattern Criminal Jury Instructions, Seventh Circuit, 500[10] (1999) (modified); Government's Requested Instruction No. 10.

[11] Blacks Law Dictionary, 8th Edition (1999).

[12] *United States v. Weaver*, 275 F.3d 1320, 1329 (11th Cir. 2001).

proved beyond a reasonable doubt, then you should find the defendant not guilty.

<u>Receipt or Possession of a Stolen Money Order (18 U.S.C. §500)</u>[13]

To sustain the charge of receipt or possession of a stolen money order, the government must prove the following propositions:

First, that the defendant received or possessed a document;

Second, that the document was a blank money order form provided under the authority of the United States Postal Service;

Third, that the defendant received or possessed the document with the intent to convert it to his/her own use or gain or the use or gain of another; and

Fourth, that the defendant received or possessed the document knowing that it had been stolen or converted.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty. If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

---

[13] Pattern Criminal Jury Instructions, Seventh Circuit, 500[11] (1999) (modified); Government's Requested Instruction No. 11.

Possession of Stolen Property of the United States (18 U.S.C. §2114(b))[14]

To sustain the charge of possession of stolen property of the United States, the government must prove the following propositions:

First, the defendant received, possessed, concealed, or disposed of property of the United States;

Second, the property of the United States had been obtained by assault or robbery;

Third, the defendant knew that the property of the United States had been unlawfully obtained.

In order to find the defendant guilty of a violation of § 2114(b), you must first find that the money orders in question were obtained by assault or robbery. It is not necessary to find that this defendant committed the assault or robbery, only that the money orders were obtained by assault or robbery. This defendant is not charged with assault or robbery.

A person commits assault[15] for the purposes of this statute if he forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person who is engaged in or on account of the performance of official duties.

A person commits robbery[16] for the purposes of this statute if he by force and violence, or by intimidation, takes or attempts to take from the person or presence of another anything of value.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty. If, on the

---

[14] Pattern Criminal Jury Instructions, Seventh Circuit, 2114[2] (1999) (modified); Government's Requested Instruction No. 11.

[15] 18 USC 111

[16] 18 USC 2111

other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

 I repeat that each money order should be considered separately as to each offense. Your verdict form will guide you in each of these considerations.

<u>On or About – Knowingly</u>[17]

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term has been used in the indictment and in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

---

[17] Pattern Jury Instructions, Criminal Cases, Eleventh Circuit (2003 Rev.), Basic No. 9.1 (modified); Government's Requested Instruction No. 4.

<u>Evidence of Other Acts</u>[18]

During the course of the trial, you heard evidence of acts of the defendant which were not charged in the indictment, but which were similar to the acts charged in the indictment. You may consider this evidence only for very limited purposes.

If you find beyond a reasonable doubt from other evidence in this case that the defendant did commit the acts charged in the indictment, that is, that he converted to his own use or the use of another, or converted or disposed of without authority the Postal Money Orders charged in the indictment, then you may consider evidence of the acts not charged in the indictment to determine:

whether the Defendant had the knowledge or intent necessary to commit the crime

charged in the indictment

or

whether the Defendant acted according to a plan or in preparation for commission of

a crime

or

whether the Defendant committed the acts for which the Defendant is on trial by

accident or mistake.

---

[18] Pattern Jury Instructions, Criminal Cases, Eleventh Circuit (2003 Rev.), Special No. 4 (modified).

<u>Possession</u>[19]

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may also have sole possession or joint possession.

A person who knowingly has direct physical control of something is then in actual possession of it.

A person who is not in actual possession, but who has both the power and the intention to later take control over something either alone or together with someone else, is in constructive possession of it.

If one person alone has possession of something, that possession is sole. If two or more persons share possession, such possession is joint.

Whenever the word "possession" has been used in these instructions, it includes constructive as well as actual possession, and also joint as well as sole possession.

---

[19] Pattern Jury Instructions, Criminal Cases, Eleventh Circuit (2003 Rev.), Special No. 6; Government's Requested Instruction No. 6.

<u>Caution – Punishment</u>

<u>(Single Defendant – Multiple Count)</u>[20]

    A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

    I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty. The Defendant is on trial only for the specific offenses alleged in the indictment.

    Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the Defendant is convicted the matter of punishment is for the Judge alone to determine later.

---

[20] Pattern Jury Instructions, Criminal Cases, Eleventh Circuit (2003 Rev.), Basic No. 10.2; Government's Requested Instruction No. 5.

C. <u>Final Instructions</u>

<u>Duty to Deliberate</u>[21]

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

---

[21] Pattern Jury Instructions, Criminal Cases, Eleventh Circuit (2003 Rev.), Basic No. 11.

Verdict[22]

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

---

[22] Pattern Jury Instructions, Criminal Cases, Eleventh Circuit (2003 Rev.), Basic No. 12.