IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR NO. 2:06cr294-WKW |
| ) | |
| HENRY THOMAS ) | |

## **ORDER ON MOTION**

On February 23, 2007, the undersigned granted Defendant's Motion to Appoint an Expert. Order of February 23, 2007, (Doc. #24). The Court, however, cautioned Defendant that "[p]ayment for these services may not exceed the amounts specified in 18 U.S.C. § 3006A(e)." Id. Defendant subsequently employed a handwriting expert, Dr. Roper, who assisted in Defendant's defense at trial. See Def.'s Mot. For Payment of Expert Fees over Statutory Amount (Doc. #53) at 1. Defendant now moves the Court for payment of the expert's fees in the amount of $1700.00. Id. at 1-2. Upon consideration of the motion, and for good cause, it is

ORDERED that the motion (Doc. #53) is GRANTED IN PART and DENIED IN PART, as the amount requested exceeds the statutory limit of $1600.00. 18 U.S.C. § 3006A(e)(3) (West Supp. 2007). While the Court has the authority to certify payments in excess of the statutory limit, it expressly limited payment to the amounts set forth in the statute. Id. (2000 & West Supp. 2007). Moreover, counsel baldly states that "Dr. Roper's fees are within normal limits for an expert of his caliber, training and experience," but he has

failed to present any support for this statement. See Def.'s Mot. For Payment of Expert Fees over Statutory Amount (Doc. #53) at 2. Counsel also claims that he and the handwriting expert "had [no] idea how much time would be expended by Dr. Roper in the evaluation of the evidence and review of the government's handwriting expert's report." Id. They further claim they had "no reasonable notice of how much or little Dr. Roper's bill would be." Id. The Court recognizes that some uncertainty environs the employment of an expert witness. Nevertheless, this Court expressly limited payment to the amounts provided in the statute. Once counsel realized that those amounts were inadequate, he should have moved for additional funds.

     DONE this 18th day of September, 2007.

                                       /s/ Wallace Capel, Jr.
                                       WALLACE CAPEL, JR.
                                       UNITED STATES MAGISTRATE JUDGE